# Long *versus* Knapp.

1. In a sale of personal property, the general rule is that it must be accompanied by a change of possession. But some kinds of property are not susceptible of immediate manual delivery, and the law requires only such a delivery and change of possession as the nature of the property will allow.

2. Lumber in piles, of which there cannot be an immediate change of possession, should be turned out to the purchaser, its quantity ascertained and conspicuously marked with the name of the owner at once or within a reasonable time, which is as soon as it can conveniently be done.

3. Immediate change of possession of lumber sold *held* not to be necessary under the circumstances in this case.

March 12th 1867. Before WOODWARD, C. J., THOMPSON, STRONG and AGNEW, JJ. READ, J., sick.

Error to the Court of Common Pleas of *Bradford county.*

This was an action of trespass, commenced May 18th 1863, by Charles Knapp against John F. Long and others, for taking a quantity of lumber claimed by the plaintiff to be his property.

S. S. Kellogg had contracted with Anthony Beach to cut logs on Beach's land, take them to Joseph Foulk's mill and have them sawed; each of the parties to have one-half of the lumber manufactured. Kellogg being indebted to Knapp, the plaintiff, they entered into the following agreement:—

"This article of agreement, made and entered into the 6th day of February 1863, between Charles Knapp and S. S. Kellogg, witnesseth, that the said Kellogg doth agree to deliver to said Knapp, at J. Foulk's mill, all the pine lumber he manufactures at said mill, that is, his share or interest in all lumber manufactured by him, for which said Knapp agrees to pay said Kellogg $6.50 per thousand for all the sound lumber, and $3.50 per

[Long v. Knapp.]

thousand for the samples, to be paid for as fast as said lumber is manufactured.

" CHARLES KNAPP.
" S. S. KELLOGG."

Endorsed:—

" Received, February 6th 1863, on the within contract, $161.22.

" S. S. KELLOGG."

The lumber was not then counted, but was estimated at 80,000 feet, one undivided half of which belonged to Beach; an accurate count was to be made afterwards; what the lumber would come to was left to be determined at a future time; Kellogg testified that it was delivered according to the contract. There was evidence that the lumber was afterwards visibly marked with Knapp's name, and that the roads in February and March were in a bad condition for hauling lumber. Kellogg afterwards delivered to Knapp this paper:—

" Burlington, March 11th 1863.

" This day sold Charles Knapp 80,000 feet white pine lumber, being the undivided half of a lot of lumber at J. Foulk's mill, for which I have received payment in full.

" S. S. KELLOGG."

On the 17th of March 1863 the defendants issued an execution on a judgment they held against Kellogg, under which his interest in the lumber was sold to them; they afterwards bought Beach's interest in it and hauled it away. For this the action was brought.

The defendants asked the court to charge the jury, that, upon the whole evidence, there is no such case shown as will enable the plaintiff to recover.

The court charged: " In the sale of personal property the general rule is, that a change of possession must accompany the sale. The retention of the possession by the vendor is a badge of fraud ; and such a sale without a change of possession is treated as fraudulent in law, and the property is liable to be taken in execution and sold by the creditors of the vendor at any time before the property is reduced into the actual possession of the vendee. But some kinds of property are not susceptible of immediate manual delivery, and the law only requires such a delivery and change of possession as the nature of the property will admit of. Timber in the woods and piles of boards in a mill-yard cannot be delivered and the possession actually changed in the same manner as you would deliver a horse or an ox. But the purchaser should take the delivery of such property as piles of boards by counting, or estimating, or by determining in some way the quantity, and

[Long *v.* Knapp.]

by marking them conspicuously with his name, and by reducing them into his actual possession by removal at as early a day as from the character of the property it can reasonably be done. If from the condition of the roads the property cannot be removed without incurring unusual and unreasonable expense, the purchaser is not required to incur such unreasonable and additional expense; and the property by reason of such omission to reduce it to actual possession by removal will not be subject to levy and sale for the debts of the vendor. The purchaser of boards piled in the mill-yard should do all that is in his power to indicate a change of possession. The property must be turned out to the purchaser; it must be counted, or its quantity ascertained in some manner, and it must be conspicuously marked with the name of the owner; and it must be marked at the time it is thus delivered to the purchaser, or within a reasonable time thereafter. By reasonable time, I mean, as soon as it can conveniently be done. While it is necessary that the lumber should be marked, it is not necessary that it should be done at the immediate time of delivery, provided it be done as soon as the circumstances of the case will reasonably admit. This case must be determined as you determine the facts. On the part of the plaintiff it is insisted the evidence and the fair and legitimate inferences to be drawn from the evidence, establish all the facts which I have indicated, as necessary to constitute a legal delivery of the property so as to change the title from Kellogg to Knapp. The counsel for the defendants claim that these facts are not established by the evidence in the cause. As you determine this disputed question of fact, so you must determine this branch of the case."

The court, after reading the evidence upon this point to the jury, proceeded:—

" If from this evidence you can find that the parties went upon the premises and estimated the lumber, and that it was turned over by Kellogg to Knapp; and that Knapp at the time, or as soon thereafter as he could conveniently do so, marked the lumber conspicuously with his name; and that the roads from that time up to the time of the levy, were in such a condition that the lumber could not be removed to the river without incurring unusual and unreasonable expense; then the plaintiff, upon this branch of the case, is entitled to recover. If you do not find from the evidence all these facts as I have stated them, then your verdict should be for the defendants.

" We decline to charge you as requested in the defendants' point. If you should find the facts, as it is claimed by the defendants' counsel they should be found, then the plaintiff cannot recover, but we refuse to say as matter of law that the plaintiff cannot recover."

[Long v. Knapp.]

The errors assigned were—

1. Refusing to affirm the defendants' point.

2. Charging that, "while it is necessary that the lumber should be marked, it is not necessary that it should be done at the immediate time of delivery, provided it be done as soon as the circumstances of the case will reasonably admit."

3. Charging the delivery to be sufficient if "Knapp at the time or as soon thereafter as he could conveniently do so, marked the lumber conspicuously with his name."

4. Charging "it must be marked at the time it is thus delivered to the purchaser, or within a reasonable time thereafter. By reasonable time, I mean as soon as it can conveniently be done."

*U. Mercur* and *P. D. Morrow*, for plaintiffs in error, cited Hoofsmith *v.* Cope, 6 Whart. 53; McBride *v.* McClelland, 6 W. & S. 94; Clow *v.* Woods, 5 S. & R. 287; Carpenter *v.* Mayer, 5 Watts 483; Milne, Brown & Co. *v.* Henry, 4 Wright 352; Babb *v.* Clemson, 10 S. & R. 419; Brown *v.* Keller, 7 Wright 106; Dewart *v.* Clement, 12 Id. 413; Haynes *v.* Hunsicker, 2 Casey 62; Chase *v.* Ralston, 6 Id. 541; Cadbury *v.* Nolan, 5 Barr 326; Nicholson *v.* Taylor, 7 Casey 128.

*W. Watkins* and *E. Smith*, for defendant in error, cited Haynes *v.* Hunsicker, 2 Casey 59; Chase *v.* Ralston, 6 Id. 541; Dunlap *v.* Bournonville, 2 Id. 72; Hugus *v.* Robinson, 12 Harris 9; Cadbury *v.* Nolan, 5 Barr 326; Avery *v.* Street, 6 Watts 247; Smith *v.* Craig, 3 W. & S. 14; McVicar *v.* May, 3 Barr 224; Dunlap *v.* Bournonville, 2 Casey 72; Forsyth *v.* Matthews, 2 Harris 100.

The opinion of the court was delivered, May 13th 1867, by

AGNEW, J.—The charge of the learned judge of the Common Pleas contains a correct statement of the law applicable to the case. The agreement of February 6th 1863, between Kellogg and Knapp, for the sale of the pine lumber manufactured by Kellogg at Foulk's mill, was executory. But the bill of sale from Kellogg to Knapp of the 11th of March following was an absolute sale for payment in full. The purpose of the sale was the payment of a debt to Knapp, and the parties estimated the quantity of lumber. The count to be made afterwards was not a condition of sale precedent to delivery and passing of title, but to correct the rough estimate. Kellogg, who testifies this expressly, states that the lumber was delivered according to the contract. Beach was the owner of the logs and Kellogg hauled and sawed them at Foulk's mill, where the boards were piled, and was to

[Long *v.* Knapp.]

have one-half. Beach testifies that the lumber remained undivided until after the sheriff's sale of Kellogg's half to Long'. Kellogg, therefore, seems to have made the only delivery the subject was capable of. The piles were estimated, delivered on the ground and were marked with Knapp's name, before the levy. The verdict, under the instructions to the jury, has established this. There was evidence on this point which the court had to submit to the jury. But the testimony did not show the precise time when the marking was done. This raises the only question under the assignments of error. The court charged that it was not necessary the marking should be done at the instant of delivery, provided it was done as soon as the circumstances of the case would reasonably admit. By a reasonable time, the judge said, I mean as soon as it can conveniently be done. The language of the judges who delivered the opinions of this court in Cadbury *v.* Nolan, 5 Barr 326, and Chase *v.* Ralston, 6 Casey 541, as to the necessity of doing everything possible to indicate a change of possession, is very strong and very proper. But in all these cases involving a mere fraud in law as to creditors, we must look at the facts of each case, to determine the precise extent to which such strength of expression is meant to apply. Here the lumber was made out of the logs of another, and piled on the land of a third. The ownership of the defendant in the execution was an undivided interest thus acquired, and the state of the weather and roads postponed the purchaser's hauling it away.

There had been no such decided possession in the defendant himself as tended strongly to mislead. He had agreed to sell it a month before it was manufactured, and when the sale was consummated it was done by the parties on the ground by counting, estimating and delivering in piles standing on the land of a third person; and very soon afterwards and before the levy the piles were seen marked with the purchaser's name. Under these circumstances, it would stretch the law of legal fraud beyond its just limits, to pronounce against the title of Knapp the purchaser from Kellogg, by saying that he must show that the marking was done immediately at the time of delivery. Creditors are justly entitled to protection against secret alienations and frauds; but there is a limit, and many cases show it, where legal presumptions must not overturn honest sales and fair dealing.

Judgment affirmed.